## J. H. MATHENY *v.* DAVIS, GREEN, Etc.

Judgment — Execution — Injunction.

> Although the appellant had a strict legal right to an injunction to prevent the collection of the executions, so far as he had paid them subsequent to the judgment, yet he had no right to stay the collection of that part of the judgment which remained unsatisfied.

APPEAL FROM MERCER CIRCUIT COURT.

June 8, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

At the April term, 1861, of the Mercer Circuit Court, appellees recovered against appellant and his son judgment for $459.02, with interest from September 27, 1860, also $2,144.96, with interest from June 2, 1860, subject to the following credits: $974.50, July 2, 1860; $300, October 12, 1860, and *$795.12, March 22, 1860.* There were other judgments rendered at the same term in favor of same plaintiff against several defendants, but the main controversy in this suit is as to the latter credit.

The first of the above-named notes is dated March 27, 1860, at six months' time, the latter is dated June 1, 1860, due one day thereafter.

The first two credits are entered on the note for $2,144.96, but the credit for $795.12 is not entered on either note, but is given on the judgment by the clerk.

The suit was brought by Jas. Harlan, Jr., as attorney for plaintiffs, and he states in his deposition that this credit was for certain debts included in his receipt to Matheny & Son, dated February 22, 1861, filed as an exhibit (B) by appellant, and that after the judgment was rendered the amount of the credit was agreed on between appellant and himself, and the memorandum handed to the clerk, and that the credit should have been of 1860, which the clerk did through mistake.

Harlan's statement is rendered the more imposing from the fact that both notes bear date after the date of the credit as entered by the clerk, also because it comes after the other two credits which also bear a subsequent date, but by making it bear date as of March 22, 1861, it then becomes a payment after the existence of the notes and its proper and natural place as a credit comes after the other credits which are of anterior date.

Harlan, however, states positively that no such credit was on the notes when they came to his hands; none such were claimed by Matheny, that he had several interviews with Matheny before suit was brought relative to these notes and the amount due, etc., and that this was all the credit due on account of the notes placed in his hands by Matheny for appellees' benefit.

After judgments with these credits, etc., Matheny replevied and then raised no objection on account of credits.

The collection of the executions was placed under the control of another attorney, Poston, who received various payments at different times.

Matheny claiming he had fully paid the judgments obtained an injunction, on the final hearing of which the court adjudged that the credit of $795.12, entered on the judgment as of March 22, 1860, should have been entered as of March 22, 1861, and was for the debts included in Harlan's receipt, Exhibit B, and after allowing all subsequent payments made to Poston, adjudged that Matheny still owed on the judgment $1,400, and dissolved the injunction as to this amount with 10 per cent. damages, from which Matheny has appealed.

Matheny doubtless had the right to enjoin for all credits subsequent to the judgment, and so far the court correctly perpetuated the injunction; as to these, however, there seems to have been no controversy, and so far as the court adjudged that Matheny was entitled to credits Poston was willing to allow them without litigation. It is evident from the previous statement to allow Matheny the credit for $795.12, as of March 22, 1860, and then allow him for the debts included in Harlan's receipt (Exhibit B) would be allowing him twice for the same payments, and do appellees gross injustice. The court correctly regarded this as a credit for the debts in Harlan's exhibit so far as Harlan had agreed to credit the judgment, and as of the date of March 22, 1861, instead of 1860. If there are any debts in this receipt not credited on the judgment of course it will be a proper subject of settlement and account between Harlan and Matheny, but cannot go as a credit on appellant's judgments.

Although appellant had a strict legal right to an injunction to prevent the collection of the executions so far as he had paid them subsequent to the judgment, yet he had no right to stay the collection of that part of the judgments which remained unsatisfied; therefore, the court committed no error in adjudging 10 per cent. damages on this unpaid amount.

Wherefore, perceiving no error, the judgment is affirmed.